UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HOLLIS, | |
| Plaintiff, | No. 20 C 4975 |
| v. | Judge Thomas M. Durkin |
| COUNTY OF WILL; WILL COUNTY SHERIFF; and MICHAEL KELLEY, individually and as SHERIFF OF WILL COUNTY, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Michael Hollis is a corrections officer employed by the Will County Sheriff. He alleges that Sheriff Michael Kelley and the Sheriff's Office retaliated against Hollis by refusing to accommodate his health condition in violation of the American with Disabilities Act, the Illinois Human Rights Act, and the First Amendment. Sheriff Kelley (individually, not officially) and the County have moved to dismiss some of the claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 18. The motion is denied in part and granted in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Background**

Hollis supported Sheriff Kelley's opponent in the 2018 election. On election night, Hollis encountered Sheriff Kelley and his supporters at a bar. Sheriff Kelley's supporters attempted to instigate a physical fight with Hollis.

Hollis had been on medical leave since January 2018 due to complications from cancer. In February 2019, Sheriff Kelley threatened Hollis with termination unless he returned to work or provided medical evidence that he was unable to do so. Later in February, Hollis provided a letter from his doctor stating that Hollis was able to return to light duty. On March 4, Sheriff Kelley refused to allow Hollis to return to light duty and directed him to submit to an examination by a doctor chosen by the

2

County. That doctor determined that Hollis was unfit for regular duty and did not address whether Hollis could perform light duty. Through March, Sheriff Kelley did not permit Hollis to return to light duty.

On April 5, Hollis provided Sheriff Kelley with another letter from his doctor stating that Hollis could return to full duty. But Sheriff Kelley did not permit Hollis to return to work until April 28. When Hollis returned to work, Sheriff Kelley communicated to the Illinois Municipal Retirement Fund that Hollis had returned to work on April 5, thereby depriving Hollis of benefit payments he should have received for being out of work between April 5 and 28.

Hollis claims that Defendants discriminated and retaliated against him by not permitting him to return to light duty in March and to full duty in April. Hollis claims he lost wages and benefits as a result.

Defendants seek dismissal of Hollis's claim for lost Retirement Fund benefits. They also seek dismissal of the County except for purposes of indemnification, and dismissal of the claims against Sheriff in his official capacity as redundant to the claims against the Sheriff's Office.

## Analysis

### I. Retirement Fund Benefits

Primarily, the Sheriff seeks dismissal of Hollis's claim that the Sheriff is liable for Hollis's lost Retirement Fund payments between April 5 and April 28. The Sheriff argues that he cannot be liable for the loss of these payments because: (1) the Fund,

3

not the Sheriff, controls whether the payments are made; and (2) Hollis was eligible for work beginning on April 5 and so was ineligible for payments from the Fund.

The Sheriff's first argument is beside the point because Hollis argues that the Sheriff caused the Fund's decision not to pay benefits by giving the Fund false information about Hollis's work status. And in his reply brief, the Sheriff implicitly concedes this first argument is not a basis for dismissal. *See* R. 21 at 5 ("While Defendants maintain that Sheriff Kelley and the Sheriff's Office did nothing wrong, even if [those] allegations were true . . . .").

The second argument is also an insufficient basis for dismissal at this point in the case. A finding regarding whether Hollis was entitled to payments from the Fund, despite his doctor's determination that he was eligible to return to work, certainly requires review of the relevant Fund and employment documents. None of these documents are in the record. As such it is impossible for the Court to say what benefits Hollis was owed. Therefore, the Court will not dismiss this claim at this point in the case.

## II. The County and Indemnification

Defendants next argue that the County should be dismissed from the ADA and IHRA claims because the County was not Hollis's employer. In response, Hollis clarifies that he has only sued the County on those claims for indemnification purposes. Defendants concede that the County is appropriately a defendant for indemnification purposes. Thus, to the extent that the complaint includes substantive

ADA and IHRA claims against the County, those claims are dismissed, and the County remains in those claims for indemnification purposes only.

### III.    Official Capacity Redundancy

Lastly, Defendants argue that the claim against Sheriff Kelley in his official capacity should be dismissed because it is redundant with respect to the claim against the Sheriff's Office. Such dismissal is the custom as long as the Will County Sheriff's Office has a separate legal existence, such that it is an entity subject to suit. This is likely true since the Sheriff is elected. But Defendants have not established this fact in their briefs. Indeed, in their reply brief, Defendants more or less throw up their hands as to which defendant is proper, and simply argue that "one of these Defendants must be dismissed because naming them both as parties is redundant." *See* R. 21 at 7.

But it is clear that Hollis intends to sue both Sheriff Kelley in his individual capacity and the office of the Sheriff, and that information is what is important for this case to proceed. The Court does not see how the proper nomenclature for "the office of the Sheriff" makes any substantive difference to this case. While many courts often dismiss official capacity claims as redundant to claims against the legal entity, the only purpose is housekeeping. Defendants have not argues that they are prejudiced by the redundant official capacity claim. So, without assurance from Defendants that the Will County Sheriff's Office is legally subject to suit, the Court will not dismiss the Sheriff in his official capacity at this time.

5

## Conclusion

Therefore, Defendants' motion to dismiss [18] is denied to the extent Hollis's claim for benefits remains in the case and the Court will not dismiss Sheriff Kelley in his official capacity at this time. The motion is granted to the extent Hollis makes substantive claims against the County, but the County remains in the case for indemnification purposes. The telephone status hearing set for February 22, 2021 stands.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: February 11, 2021